## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:14-cr-40071-HLT** |
| | **Civil Case No. 5:19-cv-04005-HLT** |
| **LAMAR R. STEELE,** | |
| **Defendant.** | |

## ORDER

In 2016, Defendant pleaded guilty to aiding and abetting Hobbs Act robbery. He now moves pro se[1] to vacate his sentence and dismiss with prejudice his indictment under 28 U.S.C. § 2255. He argues that the government violated his Sixth Amendment right to effective assistance of counsel by intruding into his confidential attorney-client communications. He requests an evidentiary hearing and appointment of counsel. Doc. 96; Doc. 140. Because his motion is untimely in part and is otherwise meritless, the Court dismisses Defendant's motion, denies his request for appointment of counsel, and denies a certificate of appealability.

## I.    BACKGROUND

In July 2014, Defendant pleaded guilty to aiding and abetting Hobbs Act robbery pursuant to a binding plea agreement. Docs. 27-29. In March 2016, the parties modified the plea agreement to a binding term of 43 months imprisonment. The third amended presentence investigation report subsequently issued and found an applicable sentencing range under the guidelines of 84 to 105 months imprisonment. In November 2016, the Court agreed with the guideline range, accepted the

---

[1]    Because Defendant is pro se, the Court liberally construes his pleadings but does not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

amended plea agreement, and sentenced Defendant to 43 months imprisonment followed by three years of supervised release. Doc. 70 at 2. Defendant did not file a direct appeal.[2]

He filed the instant pro se motion in January 2019. Doc. 96.[3] He argues that his conviction should be vacated because the United States Attorney's Office ("USAO") intentionally procured video and phone recordings of privileged communications between him and his counsel while he was detained at Corrections Corporation of America ("CCA").[4] Doc. 96 at 4.

The investigation into the USAO's procurement of video and phone recordings from CCA began in the summer of 2016 and is known as the "*Black* investigation." *See United States v. Carter*, 429 F. Supp. 3d 788, 801 (D. Kan. 2019).[5] As detailed in both parties' briefs, the *Black* investigation originates from a subpoena served by the USAO in Kansas on CCA as part of a separate criminal case. In response to the subpoena, CCA provided video recordings from inside the facility, including soundless recordings of inmate-attorney meeting rooms. Doc. 96 at 2-3; Doc. 145 at 4-6; *see also Carter*, 429 F. Supp. 3d at 834; District of Kansas Standing Order No. 18-3. The USAO also possessed audio recordings of telephone calls made by inmates, including calls to their attorneys. *Carter*, 429 F. Supp. 3d at 798. The Honorable Julie A. Robinson made extensive findings as part of the *Black* investigation. Specifically, a special master calculated that 700 attorney visits were recorded from February 20 to May 16, 2016. *Id.* at 834-35. Phone calls, which

---

[2]  Defendant has been released from this initial term. He later pleaded guilty to possession of a firearm in July 2019. *United States v. Steele*, Case No. 5:18-CR-40088-HLT. On September 2, 2020, the Court sentenced Defendant to 8 months imprisonment on a revocation judgment. Doc. 151.

[3]  The Court initially struck the motion because it was filed pro se and at the time Defendant was represented by counsel. Doc. 97. The Court vacated its order in July 2020 and reinstated the motion (Doc. 137) after receiving correspondence from Defendant explaining that his attorneys had conflicts preventing them from filing his § 2255 petition. Doc. 136.

[4]  CCA has since been renamed CoreCivic.

[5]  The Court takes judicial notice of the *Black* investigation. Fed. R. Evid. 201; *see Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011) (holding a court may take judicial notice of other courts' files and records from the Electronic Court Filing system).

included at least some attorney-client calls, were also obtained by the USAO and then distributed to the defendants in the underlying *Black* criminal case. *Id.* at 848-49.

Defendant was detained at CCA from August 7, 2014, to July 6, 2016, and from December 5-23, 2016. Doc. 145 at 2-3. He argues in his motion that he "falls within a class of individuals" who had legal visits with counsel at CCA during the time of the video recordings at issue. Doc. 96 at 4. He asks the Court to find a per se Sixth Amendment violation and asks that the judgment against him be vacated and his case dismissed. Although Defendant does not specifically argue about any phone calls in his motion, he has submitted as an exhibit to his motion a chain of emails between him and the attorney in his underlying criminal case suggesting that, sometime between July and November 2016, his attorney sent him a summary exhibit created by the Federal Public Defender[6] and used in a *Black* hearing reflecting that calls between Defendant and his attorney were "intercepted and produced in discovery" in the *Black* investigation. Doc. 143. The government has filed a response in opposition to Defendant's § 2255 motion. Doc. 145.

## II.     STANDARD

Under 28 U.S.C. § 2255(a), a prisoner whose sentence "was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Procedurally, a court must grant an evidentiary hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b). "An evidentiary

---

[6]     As part of the *Black* investigation, the Federal Public Defender ("FPD") was appointed under Standing Order No. 18-3 "to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District." The FPD was directed to review potential cases and alert the court of any disqualifying conflicts. Those cases—of which there are more than one hundred—have been consolidated for case management. *See In re: CCA Recordings 2255 Litig.*, Case No. 2:19-cv-2491-JAR-JPO. The FPD has not filed a § 2255 on Defendant's behalf. The Court notes that Defendant's pro se motion in this case is nearly identical to briefs filed by the FPD on behalf of other defendants.

hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Almaraz*, 2020 WL 3429486, at *1 (D. Kan. 2020); *see also In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (stating no need for an evidentiary hearing where "either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations").

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases; *see also* Rule 1(b) (applying rules to any habeas corpus petition).

## III.    ANALYSIS

As explained above, there are two types of recordings at issue: (1) recordings of phone calls between inmates and counsel, and (2) video recordings, which do not include sound, of meetings between inmates and counsel. Although Defendant only mentions phone calls briefly in his motion, his exhibit suggests that he is contending that a Sixth Amendment violation occurred with regard to both phone and video recordings. The Court therefore addresses whether Defendant is entitled to any relief under § 2255 as to either recorded phone calls or video recordings.

### A.    Defendant's challenge based on the phone recordings is time barred.

Typically, a defendant has one year from the date the judgment becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). Defendant's judgment became final fourteen business days after it was entered on November 15, 2016. Fed. R. App. P. 4(b)(1)(A)(i). Therefore, Defendant's motion filed on January 24, 2019, far exceeds this deadline.

Alternatively, § 2255(f)(4) provides that a motion is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Here, Defendant has filed as support for his § 2255 motion an email chain. Doc. 143. The correspondence reflects Defendant's recent request to his attorney to send him a document the attorney previously sent him between June and November 2016. *Id.* at 3. The document in question apparently listed the recorded messages between Defendant and his counsel. *Id.* His attorney recalled the exhibit as a summary prepared by the FPD of all the intercepted calls produced in discovery for the *Black* investigation, which included calls between Defendant and the attorney. *Id.* at 2-3. Although the attorney noted he did not keep the exhibit, he confirmed that there was "no doubt [he] sent it to [Defendant] back in 2016." *Id.* at 2. A message relayed apparently on behalf of Defendant confirmed that the exhibit was sent to Defendant on July 16, 2016. *Id.*

Based on these emails, which were filed by Defendant in support of his § 2255 motion, Defendant appears to have been aware that his calls with his attorney had been intercepted by the USAO in July 2016, or at the very latest, by November 2016. Therefore, Defendant discovered the facts supporting his claim that the USAO violated his Sixth Amendment rights by obtaining his privileged phone calls more than two years before he filed his § 2255 petition on January 24, 2019. Defendant may have gained a new-found appreciation of the legal significance of the intercepted phone calls as the *Black* investigation progressed. But that does not qualify as discovery of new facts for § 2255(f)(4) purposes. *See United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Accordingly, Defendant's motion, in so far as it is based on the intercepted phone calls, is time barred and, therefore, dismissed.

**B.      Defendant has failed to demonstrate the existence of any video recordings of meetings between him and his attorney, nor has he demonstrated he is entitled to any relief based on a per se Sixth Amendment violation.**

Regarding the video recordings of inmate-attorney meeting rooms, Defendant argues that the findings in the *Black* investigation and an evidentiary hearing will establish that the USAO committed a per se Sixth Amendment violation when it intentionally intruded into his privileged attorney-client communications without a legitimate law-enforcement interest. *See Shillinger v. Haworth*, 70 F.3d 1132, 1142 (10th Cir. 1995). The Court finds that Defendant has not demonstrated entitlement to an evidentiary hearing or any other relief because his motion is based on conclusions rather than statements of fact and he has not demonstrated a violation of his Sixth Amendment rights. *See Almaraz*, 2020 WL 3429486, at *1.

First, Defendant's motion merely assumes that his attorney meetings were recorded and that this shows a per se Sixth Amendment violation. But Defendant points to no facts suggesting that any such video recordings of him exist, other than the facts of the *Black* investigation. But the findings of the *Black* investigation, alone, do not demonstrate that Defendant's rights were violated, or that he was ever even recorded on video meeting with his attorney. *See United States v. Harssfell*, 735 F. App'x 553, 554 (10th Cir. 2018) (noting an argument on direct appeal based on the findings in the *Black* investigation but concluding that the defendant "failed, however, to make an adequate showing that his rights were violated" and "fails to state how he could have personal knowledge of such recordings" (emphasis in original)); *Lindsey*, 582 F.3d at 1175-76 ("The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's

allegations."). The Court cannot merely presume that the video recordings exist and proceed to a substantive analysis. *United States v. Viquesney*, 2020 WL 3498574, at *2 (D. Kan. 2020) ("[T]he court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf."). Nor has Defendant suggested how an evidentiary hearing would provide any additional insight given the lack of evidence that his meetings with his attorney were recorded.

Second, and perhaps obviously, in the absence of any evidence that Defendant's meetings with his attorney were recorded and that those recordings were purposely obtained by the government, Defendant has not demonstrated a per se Sixth Amendment violation. The Sixth Amendment right to effective assistance of counsel includes the right to speak confidentially with counsel free from unreasonable government interference. *Carter*, 429 F. Supp. 3d at 798 (citing *Weatherford v. Bursey*, 429 U.S. 545, 554 n.4 (1977)). The Tenth Circuit has held that a per se Sixth Amendment violation occurs when (1) there is a confidential attorney-client communication, (2) that the government becomes privy to, (3) because of a purposeful intrusion, and (4) without a legitimate justification. *See Shillinger*, 70 F.3d at 1142; *see also Carter*, 429 F. Supp. 3d at 890. In such a case, prejudice is presumed. *Shillinger*, 70 F.3d at 1142.

The Court notes that, in *Carter*, Judge Robinson made several legal determinations on the *Shillinger* elements common to all affected inmates, including that soundless video recordings can constitute privileged attorney-client communications and that there was no large-scale legitimate justification for the USAO's collection of video recordings of attorney vitiations rooms. *Carter*, 429 F. Supp. 3d at 892, 899. But Judge Robinson also found that, because the attorney-client privilege and Sixth Amendment rights are personal to the defendant, individualized determinations

are still necessary in any particular case to conclude whether a Sixth Amendment violation occurred. *Id.* at 890. This Court agrees that an individualized determination is required.

As discussed above, on the current record the Court sees no evidence suggesting that the government has become privy to any video recording of Defendant and his attorney, let alone one reflecting a confidential or protected communication. Defendant has offered no evidence, other than citations to the *Black* investigation, that any of his privileged attorney-client conferences were recorded, or that the government has become privy to them. *See Harssfell*, 735 F. App'x at 554. On this last point, the Court notes that the prosecutor in Defendant's case, AUSA Jared Maag, has attested that at no time during his involvement in this case did he view any video recordings of Defendant at CCA meeting with his attorney or any individual working for his attorney. Doc. 145-1 at 1-2; *see United States v. Johnson*, 2016 WL 297451, at *5 (D. Utah 2016) (finding the *Shillinger* test was not met because the prosecutors obtained but did not view any privileged communications).

Third, even if the Court found a per se violation, there is no basis for imposing Defendant's requested remedy—dismissal of his case. "Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Shillinger*, 70 F.3d at 1142 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1980)). The *Black* investigation found that no video recordings were provided to the USAO until June 1, 2016. *Carter*, 429 F. Supp. 3d at 834. As discussed above, Defendant's plea agreement had been negotiated before that, and Defendant was sentenced to the agreed-to 43 month sentence—a sentence well-below his guideline range. Based on this, there is no taint for this Court to neutralize. *Shillinger*, 70 F.3d at 1143.

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), the Court dismisses Defendant's motion without an evidentiary hearing.

### C.    The Court denies Defendant's motion to appoint counsel.

Defendant has filed a pro se motion to appoint counsel. Doc. 140.[7] Section 2255(g) states that appointment of counsel is governed by 18 U.S.C. § 3006A. Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel for a financially eligible individual who is seeking relief under 28 U.S.C. § 2255 where "the interests of justice so require." Appointment of counsel is only otherwise mandatory when an evidentiary hearing is held. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. But there is no inherent right to counsel in habeas proceedings. *United States v. Schneider*, 559 F. App'x 770, 772 (10th Cir. 2014). Whether to appoint counsel is within the district court's discretion. *Id.* A court may consider a variety of factors, including the nature and merits of a defendant's claims, his ability to present his claims, and the complexity of the issues. *United States v. Belair*, 2019 WL 3731888, at *2 (D. Kan. 2019).

As discussed above, the Court concludes that Defendant has aptly stated his claims, that no evidentiary hearing is necessary, and that Defendant has provided no factual basis for any relief under the Sixth Amendment, nor has he offered any reason why counsel should be appointed other than the fact that he has been unable to retain counsel on his own. *See* Doc. 140 at 1. Accordingly, his motion to appoint counsel is denied. *See United States v. Dixon*, 2012 WL 1658904, at *1 (D.

---

[7]    Defendant states in his motion that he sought representation for his § 2255 motion from the FPD but they declined due to a conflict of interest. As discussed *supra* in note 6, the FPD has been appointed by the District of Kansas to represent any defendant in the district who may have a Sixth Amendment claim stemming from the *Black* investigation. Specifically, the FPD was appointed to review potential cases and, where appropriate, notify the Court about any disqualifying conflicts. The FPD has not filed any motion on behalf of Defendant nor has it notified the Court of any disqualifying conflicts that would prevent it from filing a motion on behalf of Defendant.

Kan. 2012) (denying appointment of counsel where the briefs and the record demonstrated that the petitioner was not entitled to relief under § 2255).

      **D.**      **The Court declines to issue a certificate of appealability.**

When a court issues a final order adverse to a movant under § 2255, it must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the movant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). For the reasons discussed above, the Court finds that Defendant has shown neither and thus denies a certificate of appealability.

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion to Vacate and Discharge with Prejudice Under 28 U.S.C. § 2255 (Doc. 96) is DISMISSED. The Court DENIES the request for an evidentiary hearing and DENIES a certificate of appealability.

THE COURT FURTHER ORDERS that Defendant's Motion Requesting Appointment of Counsel (Doc. 140) is DENIED.

IT IS SO ORDERED.

Dated: September 30, 2020             /s/  *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE